UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INDIA SWEETING and ELVIS MORGAN,

Plaintiffs,

v.

CITY OF ATLANTA and OFFICER SAMEEH KHATIB, in his individual capacity,

Defendants.

CIVIL ACTION NO. 1:22-cv-03185-JPB

**ORDER**

This matter comes before the Court on the City of Atlanta, Georgia's Motion to Dismiss [Doc. 7]. This Court finds as follows:

**BACKGROUND**

Elvis Morgan and India Sweeting ("Plaintiffs") filed this action on August 11, 2022, against the City of Atlanta and Officer Sameeh Khatib, an officer with the City of Atlanta Police Department. [Doc. 1]. Plaintiffs bring a claim for municipal liability against the City of Atlanta that is premised on (1) *respondeat superior* and (2) 42 U.S.C. § 1983 and the doctrine of liability articulated in Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Plaintiffs also

bring claims against Officer Khatib under Georgia state law for malicious prosecution and assault/battery.[1] [Doc. 1, pp. 11–12].

Plaintiffs' claims arise from an incident that occurred on September 7, 2021. On that date, Officer Khatib arrested an individual in a parking garage in Atlanta, Georgia. Id. at 4. The arrestee ultimately escaped Officer Khatib's patrol car and fled on foot. Id. Shortly after the arrestee's escape, Morgan arrived in the same parking garage by car. Id. at 5. Sweeting, Morgan's daughter, lived in the adjoining apartment complex. Id. Sweeting walked into the parking garage to assist Morgan with bringing belongings to Sweeting's apartment. Id. Officer Khatib approached Sweeting, but Sweeting declined to speak with him. Id. Officer Khatib then assaulted her to effect an arrest, and she suffered significant injuries as a result. Id. Morgan attempted to intervene to protect her daughter and suffered a physical injury in the process. Id.

Plaintiffs allege that the City of Atlanta has a long history of failing to train its officers with respect to protecting and respecting citizens' Fourth Amendment rights. Id. at 10. Plaintiffs specifically reference violations of citizens' rights to film the police, which allegedly resulted in a contempt order against the City of

[1] Plaintiffs bring § 1983 claims against Officer Khatib for the violation of Sweeting's Fourth Amendment rights. [Doc. 1, pp. 6–7]. Officer Khatib is not a party to the instant motion, and the § 1983 claims against him are not presently at issue.

Atlanta in 2015. Id. Plaintiffs assert that "there was a decision by a final policy maker" to arrest Sweeting "or to conduct arrests in cases" similar to Sweeting's and that, to the extent that Officer Khatib is not himself a final policymaker, he acted pursuant to direct instructions from a final policymaker within the City of Atlanta during the events in this case. Id. at 10–11.

The City of Atlanta moved to dismiss Plaintiffs' claims on October 20, 2022. [Doc. 7]. The motion is ripe for review.

## ANALYSIS

### A. Legal Standard

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

**B. Federal Claim**

In Monell, the Supreme Court of the United States held that municipal and other local governments may be sued under § 1983. 436 U.S. at 690. However, local and municipal entities enjoy more limited liability under this statute than their state counterparts. "The Supreme Court has placed strict limitations on municipal liability under § 1983," namely that municipal entities cannot be held liable on a theory of *respondeat superior*. Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003); see also McMillian v. Johnson, 88 F.3d 1573, 1577 (11th Cir. 1996) ("A municipality may not be held liable . . . solely because it employs a tortfeasor, that is, under a *respondeat superior* theory."), aff'd sub nom. McMillian v. Monroe County, 520 U.S. 781 (1997). Specifically,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694. To state a § 1983 claim against a municipality, then, a plaintiff must show "(1) that [her] constitutional rights were violated; (2) that the

municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Importantly, "[t]he standard for holding a municipality liable under [§] 1983 is high." Denham v. Corizon Health, Inc., 675 F. App'x 935, 944 (11th Cir. 2017).

The City of Atlanta asserts that Plaintiffs fail to state a Monell claim because they have not established the existence of a policy or custom of deliberate indifference to constitutional rights or that such a policy caused Plaintiffs' alleged harms. More specifically, the City of Atlanta contends that Plaintiffs did not sufficiently allege that the City's Fourth Amendment training was deficient or that a decision by a final policymaker led to the events in this case. In the discussion that follows, the Court considers whether Plaintiffs adequately alleged the existence of a policy or custom that constituted deliberate indifference to constitutional rights.

A plaintiff may identify a policy or custom "by pointing to either '(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.'" Everett v. Cobb County, 823 F. App'x 888, 893 (11th Cir. 2020) (quoting Grech, 335 F.3d at 1329). To show a policy or custom, "it is 'generally necessary to show

a persistent and wide-spread practice.'" McDowell, 392 F.3d at 1290 (quoting Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999)).

In the complaint, Plaintiffs assert that the City of Atlanta "has a long history of not adequately training its officers when it comes to protecting and respecting citizens' Fourth Amendment rights" and that the City follows "an unconstitutional policy and practice of providing inadequate training to its officers." [Doc. 1, pp. 2, 10]. Plaintiffs, however, fail to allege any particularized facts in support of these assertions.[2] Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. Plaintiffs also do not plead this allegation with sufficient specificity; for instance, Plaintiffs do not identify the manner in which the City of Atlanta's training is deficient beyond a generalized assertion about citizens' Fourth Amendment rights. But a municipality is only liable for failure to train where it has "notice of a need to

[2] In response to the motion to dismiss, Plaintiffs assert that the City of Atlanta was aware of prior instances of excessive force involving Officer Khatib and cite various pending lawsuits against him. See [Doc. 10, pp. 3–4]. These facts were not in the complaint, and the Court may not consider facts outside the pleadings on a motion to dismiss. Dorman v. Aronofsky, 36 F.4th 1306, 1317 (11th Cir. 2022) ("[F]acts contained in a motion or brief 'cannot substitute for missing allegations in the complaint.'" (quoting EEOC v. Catastrophe Mgmt. Sols., 852 F.3d 1018, 1030 n.5 (11th Cir. 2016))). Consequently, the Court does not consider those facts in the resolution of the instant motion.

train or supervise in a particular area." Gold v. City of Miami, 151 F.3d 1346, 1351 (11th Cir. 1998). Plaintiffs' complaint does not provide this notice.

While Plaintiffs contend that the City of Atlanta's practices regarding citizens' rights to film the police resulted in a 2015 contempt order, the right to film the police is not at issue here. See Harper v. Se. Ala. Med. Ctr., 998 F. Supp. 1289, 1301 (M.D. Ala. 1998) ("Although the number of incidents necessary to impute liability for failure to train need not occur with the frequency necessary to establish a pervasive pattern, the prior incidents must be sufficiently related in time and circumstances to the conduct giving rise to the pending action."). It is therefore unclear how the 2015 contempt order is relevant to Plaintiffs' case or what inference is warranted from this assertion.

Ultimately, Plaintiffs' allegations about the City of Atlanta's failure to train its officers amount to conclusory assertions that lack the necessary factual support to state a claim for Monell liability. See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1328–29 (11th Cir. 2015) (upholding the dismissal of a Monell claim that contained only conclusory allegations; failed to "allege a pattern of similar constitutional violations by untrained employees"; and clearly "[arose] from a single incident and the actions of two deputies"); Casado v. Miami-Dade County, 340 F. Supp. 3d 1320, 1327 (S.D. Fla. 2018) (dismissing a Monell

claim where the complaint was "devoid of any factual allegations of any prior incidents or the County's alleged knowledge and alleged failure to deter the conduct at issue"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, but here, Plaintiffs have not met this pleading standard.

Plaintiffs also seem to allege that the City of Atlanta is liable under Monell based on the decision of a final policymaker. In limited circumstances, a single decision by a municipal policymaker may be sufficient to impose liability under § 1983. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). However, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Id. at 481; see also McMillian, 88 F.3d at 1577 ("A municipality may be held liable for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision."). A plaintiff seeking to recover under this theory must show three elements: "(1) acts which the municipality officially sanctioned or ordered; (2) acts of municipal officers with final policy-making authority as defined by state law; and (3) actions taken pursuant to a policy adopted by the

official or officials responsible under state law for making policy in that area." Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 637 (11th Cir. 1991).

Plaintiffs contend that "there was a decision by a final policy maker to arrest . . . Sweeting or to conduct arrests in cases such as . . . Sweeting's." [Doc. 1, p. 10]. Plaintiffs also claim that Officer Khatib either himself acted as a final policymaker when arresting Sweeting or acted pursuant to the instructions of a final policymaker. The complaint, however, contains no well-pleaded facts to support these contentions. Plaintiffs do not identify the final policymaker; do not describe the municipal policy at issue beyond a decision to arrest Sweeting in this particular instance or to conduct arrests in similar cases; and do not explain how Officer Khatib qualifies as a "final policymaker" for the purposes of Monell liability. See Pembaur, 475 U.S. at 481–82 ("The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."). In fact, the City of Atlanta asserts that the Chief of Police is the final policymaker with respect to the policies and procedures of the Atlanta Police

Department.[3] In sum, Plaintiffs have not set forth well-pleaded, particularized allegations to support a Monell claim based on the decision of a final policymaker.

For the reasons set forth above, Plaintiffs' complaint does not sufficiently allege the existence of a policy or custom of deliberate indifference to constitutional rights and thus fails to state a § 1983 claim against the City of Atlanta under Monell. Accordingly, the Motion to Dismiss Plaintiffs' § 1983 claim against the City of Atlanta is **GRANTED**.

[3] The City of Atlanta moved this Court to take judicial notice of the City's municipal code. [Doc. 8]. Specifically, the City of Atlanta asks the Court to take judicial notice of the following provision:

> It shall be the duty of the police chief to formulate and implement rules and regulations for the operations of the department of police. The police chief shall have the authority to promulgate departmental rules and regulations that are consistent with the terms or intent of the laws and ordinances relating to the department.

Atlanta, Ga., Code § 98-26 (2023). Federal Rule of Evidence 201 permits the Court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The municipal code of the City of Atlanta meets this standard for judicial notice. Cf. Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020) (finding that information from a state court docket "constitute[d] judicially noticeable facts under Rule 201"). Moreover, the motion is unopposed. See N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). Accordingly, the Motion for the Court to Take Judicial Notice of the City's Municipal Code [Doc. 8] is **GRANTED**.

### C. State-Law Claims

As a threshold matter, all state-law claims in the complaint appear to be against Officer Khatib and not the City of Atlanta. To the extent that Plaintiffs bring state-law claims against the City of Atlanta at all, those claims are due to be dismissed. In the complaint, Plaintiffs assert that the City of Atlanta purchased liability insurance, which constituted a limited waiver of the City's sovereign immunity for claims under state law. The City, however, has not purchased liability insurance, see [Doc. 9-1, p. 2], and has therefore not waived sovereign immunity. Plaintiffs do not dispute this reasoning, but Plaintiffs allege that the City of Atlanta is nonetheless liable for Officer Khatib's violations of state law under Monell. [Doc. 10, p. 7] ("Plaintiffs allege that the City is vicariously liable for the actions of Officer Khatib."). This assertion is without merit. The Supreme Court has clearly established that "[*r*]*espondeat superior* or vicarious liability will not attach under § 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Therefore, the Motion to Dismiss Plaintiffs' state-law claims against the City is **GRANTED**.[4]

[4] Although the City of Atlanta moved to dismiss the state-law claims under Rule 12(b)(1), the Court dismisses these claims pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the City of Atlanta's Motion to Dismiss [Doc. 7] is **GRANTED**. Plaintiffs' claims against the City of Atlanta are **HEREBY DISMISSED**.

**SO ORDERED** this 20th day of July, 2023.

**J. P. BOULEE**
United States District Judge