UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INDIA SWEETING and ELVIS
MORGAN,

            Plaintiffs,

    v.

CITY OF ATLANTA and OFFICER
SAMEEH KHATIB, in his individual
capacity,

          Defendants.

CIVIL ACTION NO.
1:22-cv-03185-JPB

## ORDER

This matter is before the Court on Officer Sameeh Khatib's Motion to Set

Aside Clerk's Entry of Default [Doc. 13].  This Court finds as follows:

## BACKGROUND

This case arises from an incident on September 7, 2021.  On that date,

Officer Sameeh Khatib, an officer with the City of Atlanta Police Department,

arrested an individual in a parking garage in Atlanta, Georgia.  [Doc. 1, p. 4].  The

arrestee ultimately escaped Officer Khatib's patrol car and fled on foot.  Id.

Shortly after the arrestee's escape, Elvis Morgan arrived in the same parking

garage by car.  Id. at 5.  India Sweeting, Morgan's daughter, lived in the adjoining

apartment complex.  Id.  Sweeting walked into the parking garage to assist Morgan

with bringing belongings to Sweeting's apartment.  Id.  Officer Khatib approached

Sweeting, but Sweeting declined to speak with him.  Id.  Officer Khatib then

assaulted her to effect an arrest, and Sweeting suffered significant injuries as a

result.  Id.  Morgan attempted to intervene to protect her daughter and suffered a

physical injury in the process.  Id.

Morgan and Sweeting filed this action on August 11, 2022, against Officer

Khatib and the City of Atlanta.[1]  [Doc. 1].  They bring two claims against Officer

Khatib under 42 U.S.C. § 1983 and the Fourth Amendment to the United States

Constitution, as well as two claims under Georgia law—one for malicious

prosecution and one for assault/battery.  Id.  Morgan and Sweeting served Officer

Khatib with the summons and complaint on October 8, 2022.  [Doc. 6].  When

Officer Khatib failed to file an answer or otherwise respond, Morgan and Sweeting

filed a motion for clerk's entry of default on November 3, 2022.  [Doc. 11].  The

clerk entered default on November 7, 2022.

Upon being served on October 8, 2022, Officer Khatib promptly gave notice

of this suit to the City of Atlanta Department of Law.  [Doc. 13, p. 6]; see also

[Doc. 13-2, p. 1].  Officer Khatib expected that the City of Atlanta would provide

---

[1] The City of Atlanta is not a party to this motion, and the claims against it are not at issue here.

him with representation.  [Doc. 13-2, p. 1].  Calvin Weis Blackburn III, the

Division Chief of the Litigation Department in the City of Atlanta Department of

Law, stated that he received notice on October 12, 2022, that Officer Khatib had

been served in this lawsuit.  [Doc. 13-3, p. 2].

Blackburn asked an attorney in the Department of Law's Litigation Division

to analyze the instant action.  Id.  That attorney determined that because of a

possible conflict between Officer Khatib and the City of Atlanta—both named as

defendants in this suit—outside counsel would need to represent Officer Khatib.

Id.  Blackburn, however, failed to submit the request to hire outside counsel until

after the clerk entered default in this case.  Id. at 3.  On November 7, 2022, the day

that the clerk entered default, Blackburn contacted Thomas Mitchell of Carothers

& Mitchell, LLC, to represent Officer Khatib, and on November 8, 2022, the City

of Atlanta Department of Law retained Mitchell.  Id.

Mitchell contacted Officer Khatib on November 9, 2022, and Officer Khatib

then learned that no answer had been filed on his behalf in this action.  [Doc. 13-2,

p. 1].  Blackburn averred that at no time was Officer Khatib responsible for

obtaining his own counsel.  [Doc. 13-3, p. 3].  On November 10, 2022, Officer

Khatib filed the instant Motion to Set Aside Clerk's Entry of Default.[2]  [Doc. 13].

Morgan and Sweeting oppose the motion, [Doc. 15], which is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an

entry of default for good cause."  The good cause standard is "'mutable'" and

"'var[ies] from situation to situation.'"  Compania Interamericana Export-Import,

S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)

(quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).  Although the standard

is "'a liberal one,'" it is "'not so elastic as to be devoid of substance.'"  Id. (quoting

Coon, 867 F.2d at 76).  To determine whether good cause exists, courts consider

"whether the default was culpable or willful, whether setting it aside would

prejudice the adversary, and whether the defaulting party presents a meritorious

defense."  Id.  Courts may look to other factors, too, such as "whether the public

interest was implicated, whether there was significant financial loss to the

defaulting party, and whether the defaulting party acted promptly to correct the

default."  Id.  "Whatever factors are employed, the imperative is that they be

regarded simply as a means of identifying circumstances which warrant the finding

---

[2] Officer Khatib simultaneously filed an answer to the complaint, [Doc. 14], later filing an amended answer on November 22, 2022, [Doc. 16].

of 'good cause' to set aside a default."  Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).

In sum, "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so."  Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999). That principle, however, operates against the Eleventh Circuit Court of Appeals' strong preference "for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."  Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014).

## ANALYSIS

After reviewing the record and considering the factors set forth above, the Court finds good cause to set aside entry of default.  The Court explains this conclusion below.

### A.     Culpability or Willfulness

Good cause to set aside default does not exist "where a party demonstrates an intentional or willful disregard of the judicial proceedings."  Id. at 1337 n.7.  As to whether the default in this case was culpable or willful, Officer Khatib explained that his answer was not timely filed because of confusion about his legal representation in this matter.  Affidavits from both Officer Khatib and the Division

Chief of the Litigation Department in the City of Atlanta Department of Law affirm that Officer Khatib provided timely and proper notice of this suit and that he was not responsible for obtaining his own counsel.  [Doc. 13-2]; [Doc. 13-3]. Those affidavits also establish that the default is attributable to the negligence of the City of Atlanta Department of Law in securing representation for Officer Khatib—not to any culpability or willfulness and especially not on the part of Officer Khatib.  E.g., Double Eagle Club, Inc. v. BG Cap. Mgmt. S. Fla., LLC, No. CV 117-073, 2018 WL 5087225, at *2 (S.D. Ga. Oct. 18, 2018) (finding no willfulness and setting aside default where a defendant "believed he had taken care of his defense by confirming it was [his former employer's] responsibility to defend him").  Importantly, the Eleventh Circuit has upheld a district court's decision to set aside default based, in part, on "misunderstanding regarding . . . representation."  See Farquharson v. Citibank, N.A., 664 F. App'x 793, 797 (11th Cir. 2016).  The circumstances here do not show the culpability or willfulness that would require this Court to find that good cause is lacking.  The Court thus determines that the default in this case was neither culpable nor willful.

**B.**     **Prejudice to the Opposing Party**

Another factor asks whether setting aside default would prejudice the opposing party.  This inquiry is concerned with prejudice resulting from a delay in

the proceedings, "'not from having to continue to litigate the case.'"  Sherrard v.

Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (quoting Conn.

State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir.

2009)).  Morgan and Sweeting assert that seventy-nine days passed between

Officer Khatib's receipt of a request to waive service and the filing of the instant

motion, which they claim constitutes a "remarkably long delay" that warrants a

finding of prejudice.  [Doc. 15, p. 7].  The Court disagrees.  The record shows that

Officer Khatib was served on October 8, 2022; he was thus required to answer no

later than October 31, 2022.  Although his failure to appear may have caused some

delay in the progress of this case, "[t]here is no suggestion that the brief delay

caused a loss of evidence, created increased difficulties in discovery, or allowed

for greater opportunities for fraud and collusion."  Sherrard, 724 F. App'x at 739.

In fact, discovery in this case is stayed.  See March 29, 2023 Docket Entry; see,

e.g., Rowe v. Metro. Atlanta Rapid Transit Auth., No. 1:21-CV-02093, 2021 WL

8648759, at *1 (N.D. Ga. Oct. 5, 2021) ("[G]iven the infancy of this case and the

promptness with which Defendant has acted to remedy its initial untimeliness and

move this case forward, setting aside the default would neither cause undue delay

nor prejudice Plaintiff.").  The Court concludes that setting aside default in this

case will not prejudice Morgan and Sweeting.

**C.    Presentation of a Meritorious Defense**

The Court may find good cause to set aside entry of default where the defaulting party presents a meritorious defense.  See Compania Interamericana Export-Import, 88 F.3d at 951.  "A defendant has a meritorious defense if it raises a good defense at law.  Thus, whether a defense is meritorious does not depend on its likelihood of success."  Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) (citation omitted).  A defaulting defendant raises a meritorious defense where he provides a "hint of a suggestion" that the defense has merit.  Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

In his original and amended answers to the complaint, Officer Khatib asserted the defenses of qualified immunity as to the § 1983 claims and official immunity as to the state-law claims.  See [Doc. 14, p. 3]; [Doc. 16, pp. 3–4]. Morgan and Sweeting contend that Officer Khatib failed to provide factual support showing that he is entitled to qualified immunity and argue that his "mere conclusory assertions of a defense" fail to satisfy his burden on this issue.  [Doc. 15, p. 6].  Morgan and Sweeting are incorrect; in fact, the only authority they cite for this proposition is a non-binding case from the Fourth Circuit Court of Appeals.

See id. (citing Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 252 (4th Cir. 1967)).  To the contrary, numerous district courts in the Eleventh Circuit have held that the likelihood of success (which would necessarily require the assertion of supporting facts) is not the appropriate measure of whether a defendant has raised a meritorious defense.  See Griffin IT Media, 2008 WL 162754, at *3; Retina-X Studios, 303 F.R.D. at 657; Tyco Fire & Sec. v. Alcocer, No. 04-23127-CIV, 2009 WL 789657, at *3 (S.D. Fla. Mar. 23, 2009); Hammett v. Paulding County, No. 4:14-CV-0260, 2014 WL 12623023, at *2 (N.D. Ga. Dec. 9, 2014).  Accordingly, the meritorious defenses raised in Officer Khatib's amended answer—namely qualified immunity and official immunity— justify a finding of good cause to set aside clerk's entry of default.

**D.    Prompt Action to Correct the Default**

The Court may also consider whether the defaulting party acted promptly to correct the default.  Morgan and Sweeting moved for clerk's entry of default on November 3, 2022, and the clerk entered default on November 7, 2022.  Officer Khatib moved to set aside the default three days later, on November 10, 2022.  In the Court's view, this timeline shows sufficiently prompt action to warrant setting aside default.  See Sherrard, 724 F. App'x at 738 ("Just three days after the clerk's

entry of default . . . [the defendant] filed the motion to set aside the entry of default.  This quick response further supports a finding of good cause.").

* * *

The Court finds that the above factors are sufficient to show good cause for setting aside default.  See id. at 739 (finding that the good cause analysis "does not require that each factor be satisfied").  As such, the entry of default should be set aside.

**CONCLUSION**

For the foregoing reasons, the Motion to Set Aside Clerk's Entry of Default [Doc. 13] is **GRANTED**.  The Clerk's Entry of Default entered against Officer Khatib on November 7, 2022, is **HEREBY VACATED** and **SET ASIDE**.

**SO ORDERED** this 20th day of July, 2023.

**J. P. BOULEE**
United States District Judge